UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ASHANTI MARTIN ]
    Plaintiff, ]
        ] No. **3 08 0119**
v. ] (No. 3:07mc0188)
        ] Judge Echols
MONTGOMERY COUNTY JAIL, et al. ]
    Defendants. ]

## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Montgomery County Jail and three of its employees, seeking injunctive relief and damages.

The plaintiff complains about conditions of his confinement at the jail. More specifically, the plaintiff claims that the defendants have failed to provide him with enough writing materials to pursue his legal claims. In addition, he alleges that the grievance procedures at the jail are inadequate and that he has been denied packages from his family in violation of his right to equal protection.

To state a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right guaranteed by the Constitution or

laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

A prisoner has a First Amendment right of access to the courts. Bounds v. Smith, 97 S.Ct. 1491, 1494-1495 (1977). To insure the meaningful exercise of this right, jail officials are under an affirmative obligation to provide inmates with those writing materials necessary to file their claims with the courts. Id. at 430 U.S. 824.

Here, the plaintiff claims that he has been denied sufficient writing materials to pursue his legal claims. This allegation is not enough, however, to sustain a First Amendment right of access claim. The plaintiff must also show that the defendants' conduct in some way prejudiced the filing or prosecution of a specific legal matter. Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996). The plaintiff has shown no such prejudice arising from the defendants' conduct. Therefore, the alleged failure to provide the plaintiff with adequate writing supplies does not state a claim for § 1983 relief.

The plaintiff also complains that the grievance procedures at the Montgomery County Jail are inadequate. But inmate grievance procedures are not mandated by the Constitution. Antonelli v. Sheahan, 81 F.3d 1422, 1430-31 (7th Cir.1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir 1994). Thus, the defendants' alleged failure

to provide an adequate grievance procedure does not offend the Constitution.

Apparently, the jail has a policy that allows the relatives of inmates to bring them items during visitation such as clothing but will not allow the same articles to be received through the mail. The plaintiff's final claim is that it violates his right to equal protection to allow some inmates to keep items brought to them by family members while he is not permitted to receive the same items through the mail.

The Equal Protection Clause guarantees that all persons similarly situated shall be treated alike. Plyler v. Doe, 102 S.Ct. 2382, 2394 (1982). In this instance, there is no assertion that the jail's policy is not being applied equally to all inmates. The plaintiff is simply not similarly situated, when he receives a package through the mail, with an inmate who obtains items brought directly to the jail by a family member. Consequently, the plaintiff has failed to state an equal protection claim.

Having failed to state a claim upon which relief can be granted, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Robert L. Echols
United States District Judge